UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN HIMBLER AVILES,<br><br>              Plaintiff,<br><br>     v.<br><br>HEATHER L. COHEN,<br><br>             Defendant. | Case No. CV 20-3899-JGB (JPR)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT AS DUPLICATIVE |

    On April 29, 2020, Plaintiff, proceeding pro se, filed a civil-rights action against Defendant Long Beach Police Detective Heather L. Cohen in her individual and official capacities, seeking damages. (Compl. at 1-2, 4.) He was subsequently granted leave to proceed in forma pauperis.

    Plaintiff alleges that on March 14, 2018, Defendant "failed to stop and protect [him] from Federal Protective Service Officers using excessive force and injuring [him], causing [him] to have a brain concussion." (Compl. at 2; see id. at 1.) He also asserts that she "false[ly]" accused him in a police report of assaulting the officers and that "[a]s a result . . . [he] was

falsely imprisoned for 656 days." (Id. at 2.)  He appears to be referring to an incident that resulted in his being taken into federal custody and charged with assaulting a federal officer with a deadly and dangerous weapon, causing bodily injury. (See id. (citing United States v. Aviles, No. 2:18-CR-00175-CAS-1 (C.D. Cal. Mar. 15, 2018))); Compl. & Aff. Supp. Compl. at 2, Aviles, No. 2:18-CR-00175-CAS-1, ECF No. 1; Indictment, id., ECF No. 10.  On February 28, 2020, after a jury trial, he was acquitted of that charge and a lesser included offense.  See Redacted Jury Verdict, id., ECF No. 108.

   Plaintiff's claims against Defendant are virtually identical to those he raised against Long Beach Police Detective Jason Ur — who allegedly assisted Cohen in arresting Plaintiff, see Aff. Supp. Compl. at 4, 6-7, id., ECF No. 1 — in a civil-rights action he filed on March 19, 2020.  See Aviles v. Ur, No. 2:20-CV–02621-JGB (JPR) (C.D. Cal. Mar. 19, 2020).  The Court dismissed that action with leave to amend on April 13, 2020.  See Apr. 13, 2020 Dismissal Order, id., ECF No. 7.  On May 5, 2020, Plaintiff filed a First Amended Complaint in that case, adding Cohen as a Defendant based on conduct identical to that alleged here.  See FAC at 2, id., ECF No. 8 (alleging that on Mar. 14, 2018, Cohen and Ur "assault[ed]" him, causing "bodily injury," and "[f]alsely [a]ccused, . . . [and] [a]rrested him," resulting in his "[f]alse[] [i]mprison[ment] . . . for 656 days").  The Court dismissed the FAC with leave to amend because Plaintiff improperly brought his claims against Ur and Cohen under the False Claims Act.  It warned him, however, that if he amended that case to raise civil-rights claims against Cohen, this action

"would likely be duplicative and would be subject to dismissal on that basis." June 2, 2020 Dismissal Order at 7 n.1, id., ECF No. 9.

Plaintiff's second amended complaint in the Ur case was due on July 3, 2020. On July 8, he filed what purport to be arrest warrants and criminal complaints against Ur and Cohen, which the Court has construed as his Second Amended Complaint. Thus, it appears he intends to pursue his claims against Cohen with those against Ur in that case. In the federal-court system, "the general principle is to avoid duplicative litigation." Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (citations omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). A district court may exercise its discretion to control its docket by dismissing a duplicative, later-filed action. Id. Here, allowing this separate, later-filed action to proceed when Plaintiff intends to pursue his claims against Cohen in the Ur case would be duplicative. See id. And because he has amended the earlier-filed Ur matter to include his claims against Cohen, he would not be prejudiced by dismissal of this case. On the other hand, permitting it to proceed would cause unnecessary duplication of effort by the Court and Defendant and a waste of scarce judicial resources. See Porter v. Mabus, 457 F. App'x 619, 620 (9th Cir. 2011) (holding that district court did not abuse discretion by

dismissing plaintiff's claims that were duplicative of claims in other pending actions).

    Accordingly, IT IS ORDERED that this case be dismissed as duplicative.

DATED: July 23, 2020

JESUS G. BERNAL
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge